# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TERRY LEE TRUELOVE**                                                              **PETITIONER**

v.                                                                   **No. 1:13CV42-SA-SAA**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS**                                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Terry Lee Truelove for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; Truelove has replied, and the State has filed a surrebuttal brief. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural bar.

### Facts and Procedural Posture

Terry Lee Truelove is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Truelove was convicted of two counts of Domestic Violence – Aggravated Assault in the Circuit Court of Lowndes County, Mississippi. He was sentenced as a habitual offender on May 26, 2010, to a term of twenty years in the custody of the Mississippi Department of Corrections on each count, with fifteen years of the sentence in Count II to run concurrently with the sentence in Count I, and five years of the sentence in Count II to run consecutively with that of Count I. *See* State Court Record (SCR), Vol. 1, pp. 88-91; *see also* S.C.R. Vol. 3, pp. 288-303.

As Truelove was sentenced as a habitual offender, the trial judge declined to impose a fine; in addition, State filed a motion to retire to the files an additional count of aggravated assault – domestic

violence against the same victim that occurred after his indictment on Counts I and II. S.C.R. Vol. 3, pp. 300-302. The prosecutor noted in the motion that, in each instance, the attacks had become more violent. *Id.* at p. 301.

Truelove, through appellate counsel, appealed his convictions and sentences to the Mississippi Supreme Court, where he raised the following issues as error:

> A. Whether the trial court erred in failing to grant Truelove's motion for directed verdict in Count I.
>
> B. Whether the trial court erred in failing to grant Truelove's motion for directed verdict in Count II.

On October 11, 2011, the Mississippi Court of Appeals affirmed Truelove's convictions and sentences for domestic violence – aggravated assault. *Truelove v. State,* 78 So. 3d 363 (Miss. Ct. App. 2011), *reh'g denied*, Jan. 24, 2012 (Cause No. 2010-KA-01040-COA).

Truelove then filed a *pro se* "Application for Leave to Proceed in the Trial Court with the Supreme Court" and a supporting motion titled "Mississippi Uniform Post-Conviction Collateral Relief Act Pursuant to Miss. Code Ann. Section 99-39-1, 99-39-5 and 99-39-7" in the Mississippi Supreme Court, raising the following issues (as stated by petitioner *pro se* in the supporting motion):

> A. Whether trial court error when allowing state to give jurors instruction to find the Petitioner guilty of intentional causing serious bodily harm to Ms. Dison present in indictment.
>
> B. Truelove argues that he was denied effective assistance of counsel when trial counsel allowed the prosecutor to amend indictment on the day of trial charging him as an habitual offender.
>
> C. The trial court committed plain error when allowing the state to use unattested documents and uncertified documents over objection of defense counsel.
>
> D. Petitioner Truelove assert that his privacy was violated when the police department took upon themselves to seized items or evidence from his

> home without a search warrant.

On August 22, 2012, the Mississippi Supreme Court denied Truelove's application, finding:

> Truelove asserts the following claims: the jury instruction did not match the wording of the indictment, the documents used to support his habitual offender status were unattested and uncertified, his home was subject to illegal search at the time of his arrest and that he suffered ineffective assistance of counsel for defense counsel's failure to object to the State's motion to amend the indictment to charge Truelove as a habitual offender.
>
> After due consideration, the panel finds these claims were not raised in the trial court or on direct appeal. Failure to raise issues capable of determination at trial or on direct appeal constitutes a waiver of those issues. Miss. Code Ann. § 99-39-21(1). The panel finds that the application meets no exception to the procedural bar and should be dismissed.
>
> Furthermore, Truelove's claim of ineffective assistance of counsel is without merit. A defendant must demonstrate that his counsel's performance was deficient *and* that the deficiency prejudiced the defense of the case. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Therefore the panel finds that the application should be denied.

*See* Mississippi Supreme Court Order of August 22, 2012 (Cause No. 2012-M-01020) (emphasis in original).

Truelove then filed a *pro se* "Motion for Leave to Proceed in Trial Court with the Supreme Court" and an "Amended Motion for Leave to Proceed in Trial Court on Motion for Post-Conviction" in the Mississippi Supreme Court, raising the following ground for relief:

1. Counsel at trial was ineffective for failing to secure witnesses on behalf of the petitioner's innocence.

On February 7, 2013, the Mississippi Supreme Court denied Truelove's application and amended application, finding:

> This matter is before the Court *en banc* on the motion for leave to proceed in the trial court and an amended motion for leave to proceed in the trial court filed by Terry Lee Truelove, *pro se*. Truelove asserts that his trial counsel was ineffective for failing to call Truelove's son as a witness at trial. After due consideration, the Court finds that Truelove previously raised a claim of ineffective assistance of counsel in his first motion for post-conviction relief which was denied by a panel of this Court on August

> 22, 2012. *The Court now finds that this claim of ineffective assistance of counsel could have been raised in the first motion for post-conviction relief, and because it was not raised at that time, the claim was waived.*

*See* Mississippi Supreme Court Order of February 7, 2013 (Cause No. 2012-M-01020) (emphasis added).

The Mississippi Court of Appeals set forth the facts underlying Truelove's conviction:

> Truelove and Dison began dating in June 2009, and they moved in together in Steens, Mississippi, shortly thereafter. On August 17, 2009, Truelove struck Dison in the face and head and punched her in the nose, stomach, side and face. He also threatened to kill her with a knife. After the beating, Truelove forced Dison to lie down with him in the bed and threatened to kill her if she left. However, Dison escaped the home by climbing through a bedroom window after Truelove went to sleep. She suffered a broken nose and concussion, and she had numerous bruises and scratches all over her body.
>
> However, Dison and Truelove soon reconciled and moved back in together. A few weeks later on September 7, 2009, they had another altercation wherein Truelove punched Dison in the head and all over her body with his fists, grabbed her by her hair, cut her with a metal object, and strangled her. Dison eventually escaped and was rescued by an off-duty police officer. From this altercation, Dison suffered a broken rib, a loose tooth, and bruises and cuts all over her body.

*Truelove,* 78 So. 3d at 364.[1]

In the instant *pro se* petition for a writ of *habeas corpus*, Truelove raises the following grounds for relief:

> **Ground One**: Insufficient evidence to prove aggravated assault. Based on the doctor's testimony, the state failed to prove serious bodily injury in order to prove aggravated assault.
>
> **Ground Two**: Ineffective assistance of counsel. Counsel failed to call important fact witness who testimony would prove simple assault in self defense and the State failed to prove aggravated assault in the indictment.

---

[1]The state court opinion provides additional extensive details regarding the testimony at trial concerning the events leading up to and the details surrounding the two assaults. *See Truelove,* 78 So. 3d at 364-367.

## The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012). Thus, a federal court may not consider a *habeas corpus* claim when, " (1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ––– U.S. ––––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

## Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

### Ground One (Evidence Insufficient to Support the Verdict): Procedurally Defaulted

In Ground One, Truelove argues that the evidence introduced at trial was insufficient to support the verdict because the State did not prove that the victim, Ms. Dison was seriously injured. Though Truelove raised this issue on direct appeal, did not file a timely petition for writ of *certiorari* to the Mississippi Supreme Court as required under Miss. R. App. P. 17(b), and the time to do so expired on July 31, 2012 (14 days after the Mississippi Court of Appeals denied rehearing). Rule 17(b) reads (in relevant part):

> Time for Filing Petition for Writ of Certiorari; Content and Length of Petition.
>
> A party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals. If a party seeks review in the Supreme Court, a petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing, unless extended upon motion filed within such time.

Miss. R. App. P. 17(b). As Truelove did not seek timely discretionary review with the Mississippi Supreme Court on direct appeal, he has not exhausted his state court remedies as required by 28 U.S.C. § 2254(c)). *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999). As such, this court must dismiss Ground One under the doctrine of procedural default.

Truelove has not shown cause for the default, as he has not shown that an external impediment kept him from pursuing his appeal to the Mississippi Supreme Court. Nor has Truelove brought to the court's attention any prejudice he might face if the court applies the default – because he has not shown that he would have prevailed on direct appeal had he proceeded in a timely manner. Thus, the "cause and prejudice" test is not available for Truelove to overcome the default. In addition, Truelove has not offered any new, reliable evidence – that was not presented at trial – to show that "more likely than not[,] no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Therefore, application of the default would not lead to a fundamental miscarriage of justice, and he may not use that exception to overcome the procedural bar.

### Ground Two (Failure to Call Truelove's Son as a Witness):
### Procedurally Barred

Truelove first raised his claims in Ground Two (a challenge to counsel's performance at trial) in his second state application for post-conviction collateral relief. The Mississippi Supreme Court

held that the claim "could have been raised in the first motion for post-conviction relief, and because it was not raised at that time, the claim was waived." *See* Mississippi Supreme Court Order of January 31, 2013, (Cause No. 2012-M-01020) (denying Truelove's application to proceed in the trial court). Certainly, the state-law doctrine of waiver is independent of the merits of Truelove's federal claim (ineffective assistance of counsel). The court could not locate an example of the Mississippi Supreme Court's application of the specific waiver at issue in this case (failure to raise an issue in an initial application for post-conviction collateral relief). However, the State has strictly and regularly applied the doctrine of waiver in a variety of other contexts: (1) failure of a movant to pursue a motion to final ruling, *see, e.g., Oby v. State*, 827 So. 2d 731, 733 (Miss. Ct. App. 2002); (2) failure to lodge a contemporaneous objection or present a matter to the trial court for review (which the Fifth Circuit has held to be consistently applied), *see, e.g., Piercy v. State*, 850 So.2d 219, 222 (Miss. Ct. App. 2003); (3) objection at trial on a ground different from the one raised on direct appeal, *see, e.g., Crawford v. State*, 787 So.2d 1236, 1245 (Miss. 2001); and (4) failure to cite authority or support argument, *see, e.g., Simon v. State*, 857 So.2d 668, 681 (Miss. 2003). In any event, it is Truelove's responsibility to show that the Mississippi Supreme Court has not strictly or regularly applied the procedural bar (waiver in this case), and he has not done so. *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996).

Similarly, Truelove has not met the standard to show that a fundamental miscarriage of justice would occur were the court to apply the procedural bar in this case. Truelove presented an affidavit from his son stating that he would have testified that Ms. Dison was the aggressor – pursuing Truelove and spraying him with a can of mace. Truelove's son also stated that Truelove has several respiratory conditions which mace would aggravate – and that Truelove merely used the force necessary to

protect himself from Dison. This proposed testimony conflicts sharply with other testimony from trial, as well as the documentary and photographic evidence.

The Mississippi Court of Appeals discussed the evidence in detail. The court of appeals found that testimony presented from Dr. Baker and Officer Peacock, as well as testimony from the victim, established that the victim suffered a broken nose and "closed head trauma," both of which are serious injuries. The court of appeals further found that testimony from law enforcement officials, Dison's description of how Truelove "beat and kicked [her] in her ribs, her experience of severe pain and difficulty breathing after the beating, and the photographic evidence showing bruising and redness around her ribs support a finding that Truelove was guilty of domestic violence – aggravated assault for the September 2009 beating." *Id.* at p. 369. In addition, the court of appeals discussed the photographs from the home of Truelove and the victim showing "blood splattered on the walls, door frames, bed linens and floors." *Truelove,* 78 So. 3d at 367.[2] The State also introduced pictures of the victim from the 2009 attack, showing that she had "a busted lip, black eye, red marks around her throat and neck, fingernail marks around her neck and shoulders and bruising on her legs, torso, and dried blood around one of her ears." *Id; see also* S.C.R. Vol. 2, pp. 155-159. The testimony and documentary evidence from trial show that Truelove attacked Dison with ferocity, causing her serious injuries, and that the attack was part of a sustained pattern of abuse. Truelove's son's affidavit is wholly consistent with the evidence introduced at trial; as such, it does not fall within the scope of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" necessary, to persuade a jury to reach a verdict different from the verdict entered against him at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). As such, Truelove has not shown that introduction of

---

[2]Officer Mistrot testified that the sheets and the pillows on the bed where the victim said they struggled was soaked with blood, and there was blood spray on the door. S.C.R. Vol. 2, p.159.

his son's testimony would have led to an acquittal, and his claim in Ground Two of the instant petition will be dismissed as procedurally barred.

## Conclusion

In sum, all of the grounds in the instant petition for a writ of *habeas corpus* will be dismissed as either procedurally barred or procedurally defaulted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of April, 2015.

                                                      **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT JUDGE**